Filed 5/17/22  In re A.A. CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.A., a Person Coming Under the Juvenile Court Law. | H048718 (Santa Clara County Super. Ct. No. JV42051) |
| THE PEOPLE, Plaintiff and Respondent, v. A.A., Defendant and Appellant. | |

The minor in this juvenile delinquency proceeding appeals the denial of his motion to suppress evidence found during a traffic stop.  We conclude the officers did not unduly prolong the stop to obtain the evidence, nor did they otherwise act unreasonably.  We will therefore affirm the order.

## I.  BACKGROUND

A San Jose police officer stopped a car driven by 17-year-old A.A. at 3:25 a.m. because it was traveling over the speed limit, ran through a red light, and appeared to lose control as it turned 180 degrees in the middle of the roadway.  Before approaching the car, the officer called for backup based on seeing more than one person in the car and being in an area known to the officer to be frequented by gang members.  Two other officers arrived four minutes later.

The officer who made the initial stop saw the driver (A.A.) moving in and out of view in the car's side mirror and was concerned he might be retrieving or hiding a weapon. He ordered A.A. out of the car and handcuffed him, and another officer took A.A. behind one of the patrol cars. The two passengers in the car were also ordered out and handcuffed. As one passenger was being handcuffed, an officer asked if he was on probation and he replied that he was. A records check determined the probation terms included a search condition. An officer then asked A.A. (who had by that time been placed in the back seat of a patrol car) for permission to search the vehicle, which A.A. gave by saying, "Yeah[.] It's not my car, but [trailing off] … ." The officers searched the car and found a loaded handgun between the front passenger seat and center console.

A juvenile wardship petition was filed alleging A.A. violated Penal Code sections 25850, subdivision (a) (carrying a loaded firearm in vehicle) and 29610 (possession of concealed firearm by a minor). A.A. moved to suppress the gun as the product of an unlawful search. The juvenile court denied the motion. A.A. then admitted the allegation that he violated Penal Code section 25850, subdivision (a), and the other count was dismissed. At the disposition hearing, the court dismissed the petition.[1]

## II. DISCUSSION

The Fourth Amendment's proscription on unreasonable searches and seizures requires that an arrest be based on probable cause to believe a crime has been committed (*People v. Celis* (2004) 33 Cal.4th 667, 673), while a detention may be based on a reasonable suspicion of criminal activity. (*Id.* at p. 674.) A traffic stop based on a suspicion that the driver has committed a traffic infraction is an example of a brief investigatory detention, permissible to determine whether a crime has been committed.

---

[1] This appeal is not moot, however, because there are collateral consequences for A.A. despite the dismissal. (See, for example, Pen. Code, § 29820, subd. (a)(1)(G) [temporarily prohibiting firearm ownership for a person alleged to have committed the offense of carrying a loaded firearm in a vehicle].)

But an investigatory traffic stop must *remain* a relatively brief encounter. Absent indications of criminal activity beyond the initially observed infraction, officers may not extend a stop's duration beyond the time necessary to address the traffic violation and attend to officer safety concerns. (*Rodriguez v. United States* (2015) 575 U.S. 348, 354.) During a stop, an officer is allowed to inquire into matters unrelated to the suspected traffic violation. (*Arizona v. Johnson* (2009) 555 U.S. 323, 333.) However if those inquiries "measurably extend the duration of the stop," it may become an unconstitutional seizure. (*Ibid.*)

A.A. advances two arguments that the car search violated the Fourth Amendment: (1) the search occurred after his de facto arrest without probable cause; or, alternatively, (2) the search occurred after the traffic stop had been unduly prolonged. We independently review whether the facts, as found by the juvenile court, show a Fourth Amendment violation. (*People v. Nunes* (2021) 64 Cal.App.5th 1, 5.)

Regarding the first contention, we conclude A.A. was not arrested when he was ordered out of the car and ultimately detained in handcuffs in the back of a patrol car. Because of the danger posed to officers when stopping a car containing unknown occupants, it is generally reasonable to order an occupant out. (*Pennsylvania v. Mimms* (1977) 434 U.S. 106, 111.) As the car's occupants have already been detained, the additional intrusion is to be balanced against the "legitimate and weighty" interest in protecting officer safety. (*Id.* at p. 110.) Here the officer testified he ordered A.A. and the passengers out and handcuffed them because he saw A.A. moving inside the car in a way that suggested he could be reaching for a weapon. Under those circumstances, the intrusion on A.A.'s liberty was a reasonable measure to protect the officer's safety. It did not transform the traffic stop into an arrest violating the Fourth Amendment.

Regarding A.A.'s second contention, that the traffic stop was unduly prolonged, A.A. acknowledges he gave consent to search the car and that one of the passengers was on probation with a search condition—either of which would authorize a search. But he

3

argues his consent was obtained, and the search condition discovered, only because the officers "strayed from the mission of the traffic stop" and impermissibly extended it.

A traffic stop becomes unlawful if it is prolonged beyond the time reasonably required to complete the mission of issuing a ticket for the observed violation. (*Rodriguez v. United States*, *supra*, 575 U.S. at p. 350.) The critical question is whether the police engage in conduct unrelated to issuing a ticket or to ensuring officer safety that adds time to the stop. (*Id.* at p. 354.) We agree with A.A. that asking a passenger about probation status and asking for consent to search are unrelated to issuing a citation for a traffic infraction. But we cannot agree that the record here shows those things adding time to the stop.

As we have discussed, the officers were justified in ordering the occupants out of the car and handcuffing them. While he was handcuffing one of the passengers, an officer asked about probation status and then asked A.A. for consent to search the car. On this record, we cannot say that either inquiry prolonged the stop beyond the time necessary to attend to safety concerns and issue a citation. A reasonable interpretation of the evidence presented at the suppression hearing is that the inquiries occurred simultaneously with the officers engaging in actions to protect their safety. Because the record does not demonstrate the inquiries measurably extended the duration of the stop, we find the search based on A.A.'s consent and the passenger's probation condition to be constitutionally permissible.

### III.    DISPOSITION

The order denying the motion to suppress is affirmed.

4

_____

Grover, J.


**WE CONCUR:**


_____

Greenwood, P. J.


_____

Lie, J.


H048718 - *The People v. A.A.*